**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-01905-001-TUC-RM (MSA) |
| Plaintiff, | **ORDER** |
| v. | |
| John Charles Davis, | |
| Defendant. | |

Pending before the Court is Defendant John Davis's motion to reconsider detention. (Doc. 43.) The motion will be denied.

Defendant does not argue that the detention hearing should be reopened based on information "that was not known to [him] at the time of the [initial detention] hearing." 18 U.S.C. § 3142(f). Rather, he argues that he must be released because his detention violates due process. "It is undisputed that at some point, pretrial detention can 'become excessively prolonged, and therefore punitive,' resulting in a due process violation." *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021) (quoting *United States v. Salerno*, 481 U.S. 739, 747 n.4 (1987)). In determining whether a due process violation has occurred, the court must balance "(1) the length of the defendant's pretrial detention; (2) the prosecution's contribution to the delay; and (3) the evidence supporting detention under the Bail Reform Act." *Id.*

The first factor favors Defendant, but only marginally. Defendant has been detained since his arrest on August 3, 2022, and his trial is scheduled for October 17, 2023. So, as

of the day of trial, he will have been in custody for just over 14 months. The United States Court of Appeals for the Ninth Circuit has recognized that "delays approaching one year are presumptively prejudicial." *United States v. Myers*, 930 F.3d 1113, 1119 (9th Cir. 2019) (quoting *United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003)); *see Torres*, 995 F.3d at 699, 708 (holding that a 21-month delay weighed in favor of finding a due process violation). However, it has also found that an 18-month delay did not "necessarily weigh heavily in [the] defendant's favor." *United States v. Walker*, 68 F.4th 1227, 1238 (9th Cir. 2023). The 14-month delay in this case is less egregious than the one in *Walker*, so this factor does not weigh heavily in Defendant's favor.

The second factor weighs against Defendant. Defendant concedes that the delay in this case is not attributable to the Government. In fact, the record indicates that the delay is mostly attributable to various defense motions.[1]

The third factor weighs against Defendant. Under the Bail Reform Act, the Court must consider "(1) 'the nature and circumstances of the offense charged'; (2) 'the weight of the evidence against the person'; (3) 'the history and characteristics of the person'; and (4) 'the nature and seriousness of the danger to any person or the community that would be posed by the person's release.'" *Walker*, 68 F.4th at 1238 (quoting 18 U.S.C. § 3142(g)). Petitioner allegedly entered the United States with 112.5 grams of fentanyl concealed in his pocket and was physically noncompliant during the search that led to discovery of the drugs. (Doc. 1.) He is now charged with importation of 40 grams or more of fentanyl. (Doc. 7.) The seriousness of this alleged conduct and the weight of the evidence support a finding of detention. *See Torres*, 995 F.3d at 709 (finding that the defendant's possession

---

[1] Defendant's first attorney moved to withdraw. (Docs. 10, 11.) Defendant's second attorney moved to continue the trial and plea deadlines because he was newly appointed. (Docs. 14, 15.) The second attorney then filed a motion seeking leave for Defendant to represent himself, and then filed another motion to continue the deadlines while the self-representation motion was pending. (Docs. 16, 17.) In January 2023, the Court partially denied the self-representation motion and appointed a new attorney. (Doc. 21.) The third (and current) attorney then moved to continue the deadlines and further moved for a status conference because Defendant was refusing to meet with him. (Docs. 22, 23, 26.) The status conference was held on February 23. (Doc. 25.) In early March, Defendant filed a motion seeking a competency determination. (Doc. 29.) The competency proceedings were resolved only last week. (Doc. 53.)

of two rounds of ammunition and 46 grams of methamphetamine was serious enough to weigh against a due process violation). Next, while Defendant has not previously served a custodial sentence, he has prior felony convictions for aggravated robbery and aggravated assault, and he has numerous other arrests for violent conduct. (Doc. 6 at 3.) More recently, he has arrests for criminal trespassing and misdemeanor drug possession, and he had a pending drug charge at the time of his alleged federal offense. (*Id.* at 4.) This criminal history supports a finding of detention. *See Torres*, 995 F.3d at 709 (finding that the defendant's "history of substance abuse" and "significant criminal history including violent offenses" weighed against finding a due process violation). Given the nonviolent nature of Defendant's more recent misconduct, the Court hesitates to find that he would be a danger to any person or the public. The issue is immaterial, however, because the other Bail Reform Act considerations favor detention. That, in turn, means that the third due process factor weighs against Defendant.

The second and third due process factors weigh against Defendant, and the first offers him only minimal support. Therefore, the Court finds that his due process rights have not been violated.

**IT IS ORDERED** that Defendant's motion to reconsider detention (Doc. 43) is **denied**.

Dated this 5th day of October, 2023.

*Maria S. Aguilera*
Honorable Maria S. Aguilera
United States Magistrate Judge